## PAYETTE NECKWEAR CO. v. FRANC-STROHMENGER & COWAN, Inc.*

### No. 5560.

Circuit Court of Appeals, Sixth Circuit.
April 21, 1930.

R. J. Burton, of Detroit, Mich. (Parker & Burton, of Detroit, Mich., on the brief), for appellant.

Charles Neave, of New York City (Clifford E. Dunn, of New York City, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

This is an appeal from the decree of the District Court holding claims 1, 2, and 4 of the patent to Langsdorf, No. 1,447,090, for a necktie, valid and infringed. The patent in suit was recently before this court for consideration in the case of Baro Forchheimer v. Franc, Strohmenger & Cowan, Inc., 20 F.(2d) 553, and was there held invalid for want of invention. It is now urged that the present record contains additional evidence in support of the patent, requiring a decision contrary to that previously reached.

The new evidence consists of certain expert testimony in aid of construction of the Heath patents No. 335,071, January 26, 1886, and No. 346,041, July 20, 1886, and,

*Certiorari granted 50 S. Ct. 467, 74 L. Ed. —-.

more particularly, evidence to the effect that Resline, which it is contended was improperly assumed by the majority opinion in our previous decision to be a new material, was then in fact an old article of commerce. The only question argued to the court was whether this new evidence was of such a character as to lead or require the court to take a position different from that taken in the Forchheimer Case. In considering this question, it should be noted that claim 3, which alone contains the element of a necktie lining "cut on the bias," is not here in issue. The effect of the evidence is therefore to be considered only in connection with patentable novelty in the use of a "resilient lining," or such a lining connected with the tie "by loose stitching."

We are unconvinced that the evidence is of such compelling character as, in and of itself, would have required a different conclusion had it been presented in the former record, and we therefore adhere to our previous decision upon principles of stare decisis. By reason of a contrary decision reached by the Court of Appeals for the Second Circuit, the Forchheimer Case is now pending in the Supreme Court and we hasten to the announcement of our present decision in order that the Supreme Court may have before it, in determining the case there now pending, a complete record of all evidence which the patentee may have to offer in support of the patent, whether the additional evidence seems to us controlling or not.

As we read the majority opinion in the Forchheimer Case, so far as is here pertinent, it is simply to the effect that claims 1, 2, and 4 call for "a woven fabric resilient lining" without specifying the precise nature of the fabric (as being of woven animal fiber), nor the degree of resiliency, that the linings of the prior art had a certain degree of resiliency, and that the wide commercial success of the plaintiff's ties was chiefly attributable to the happy selection and use by plaintiff of Resline for such linings, with its extraordinary resiliency. If this be the proper interpretation of the Forchheimer majority decision, it would seem to be wholly immaterial whether Resline was an old or a new fabric.

The decree of the District Court is reversed.